IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA



FILED
IN OPEN COURT

FEB - 5

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

*Norfolk Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | CRIMINAL NO. 2:20cr 11 |
| XAVIER HOWELL,<br>a/k/a "X,"<br>(Counts 1-3) | 21 U.S.C. § 846<br>Conspiracy to Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute Methamphetamine<br>(Count 1) |
| | 21 U.S.C. §§ 841(a)(1) and 841(b)(1),<br>18 U.S.C. § 2<br>Possession with Intent to Distribute Methamphetamine<br>(Counts 2-3) |
| | Criminal Forfeiture |
| and | |
| TAMARA LATISHA HOWELL,<br>(Counts 1 and 2) | |
| Defendants. | |

## INDICTMENT

February 2020 TERM – at Norfolk

THE GRAND JURY CHARGES THAT:

## COUNT ONE

(Conspiracy to Manufacture, Distribute,
and Possess with Intent to Manufacture and Distribute Methamphetamine)

Beginning in or about March 2019 and continuing thereafter until on or about November 26, 2019, within the Eastern District of Virginia and elsewhere, the defendants, XAVIER HOWELL, a/k/a "X," ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and TAMARA LATISHA HOWELL, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the grand jury, to unlawfully, knowingly, and intentionally manufacture, distribute, and possess with intent to manufacture and distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

### Ways, Manner, and Means of the Conspiracy

1. The objective of the conspiracy was to make money through the importation, manufacture, and distribution of methamphetamine. The ways, manner, and means by which that objective was carried out included, but were not limited to, the following:

2. It was part of the conspiracy for XAVIER HOWELL to procure methamphetamine and have it shipped in wholesale quantities from California into the Eastern District of Virginia.

3. It was a further part of the conspiracy for ▇▇▇▇▇▇▇▇▇▇ to serve as a source of supply for methamphetamine to XAVIER HOWELL and his Virginia-based co-conspirators.

2

4. It was a further part of the conspiracy for ▮▮▮▮ to arm ▮▮▮ with a handgun.

5. It was a further part of the conspiracy for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to facilitate the shipment of packages containing methamphetamine from ▮▮▮▮ and ▮ California-based co-conspirators to XAVIER HOWELL and his Virginia-based co-conspirators.

6. It was a further part of the conspiracy for ▮▮▮▮▮▮ to receive wholesale quantities of methamphetamine from XAVIER HOWELL for further distribution within the Eastern District of Virginia.

7. It was a further part of the conspiracy for ▮▮▮▮▮▮ to rent a residence using an assumed identity for the use of ▮▮▮, XAVIER HOWELL, and other co-conspirators to store methamphetamine.

8. It was a further part of the conspiracy for TAMARA LATISHA HOWELL to receive packages of methamphetamine at an address in Virginia Beach on behalf of XAVIER HOWELL and their Virginia-based co-conspirators.

9. It was a further part of the conspiracy for the defendants and their co-conspirators to conduct financial transactions with drug proceeds, including wire transfers, bank deposits, electronic transfers, and withdrawals, to facilitate the procurement, transportation, and distribution of methamphetamine.

10. It was a further part of the conspiracy for the defendants and their co-conspirators to use communication facilities to coordinate the purchase, shipment, and distribution of methamphetamine and the proceeds from methamphetamine sales.

## OVERT ACTS

In furtherance of the conspiracy and to accomplish the objective thereof, the following overt acts, among others, were committed in the Eastern District of Virginia, the Central District of California, and elsewhere:

1. On or about September 6, 2019, XAVIER HOWELL transferred approximately $2,000 to ▮ using a digital payment service.

2. On or about September 10, 2019, ▮ deposited approximately $2,120 into a bank account ▮ controlled at an automated teller machine on East Little Creek Road in Norfolk, Virginia.

3. On or about September 11, 2019, XAVIER HOWELL transferred approximately $2,000 to ▮ using a digital payment service.

4. On or about September 11, 2019, TAMARA LATISHA HOWELL received a package containing approximately one kilogram of a controlled substance that had been shipped from a United States Post Office in Vernon, California, to her residence on Ego Drive in Virginia Beach, Virginia.

5. On or about September 15, 2019, XAVIER HOWELL transferred approximately $2,000 to ▮ using a digital payment service.

6. On or about September 16, 2019, XAVIER HOWELL transferred approximately $2,000 to ▮ using a digital payment service.

7. On or about September 22, 2019, XAVIER HOWELL transferred approximately $2,000 to ▮ using a digital payment service.

8. On or about September 24, 2019, ▮ mailed a Priority Mail Express package containing approximately 1.75 kilograms of methamphetamine from a

United States Post Office in Vernon, California, to the residence of TAMARA LATISHA HOWELL on Ego Drive in Virginia Beach, Virginia.

9. On or about September 25, 2019, XAVIER HOWELL transferred approximately $500 to ▇▇▇▇▇▇▇▇▇▇ using a digital payment service.

10. On or about September 27, 2019, in Chesapeake, Virginia, XAVIER HOWELL and TAMARA LATISHA HOWELL possessed with intent to distribute approximately 1.75 kilograms of methamphetamine.

11. On or about September 27, 2019, in Chesapeake, Virginia, XAVIER HOWELL and ▇▇▇▇▇▇▇▇▇▇ possessed with intent to distribute approximately 170 grams of a mixture and substance containing methamphetamine and over $6,000 in United States currency.

12. On or about November 26, 2019, in Anaheim, California, ▇▇▇▇▇▇▇▇▇▇ possessed approximately $17,000 in United States currency and a Walther semi-automatic handgun.

(All in violation of Title 21, United States Code, Section 846.)

## COUNT TWO

(Possession with Intent to Distribute Methamphetamine)

On or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendants, XAVIER HOWELL, a/k/a "X," and TAMARA LATISHA HOWELL did unlawfully, knowingly, and intentionally possess with intent to distribute 50 grams or more of methamphetamine, commonly known as "ice," and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), and Title 18, United States Code, Section 2.)

## COUNT THREE

(Possession with Intent to Distribute Methamphetamine)

On or about September 27, 2019, in Chesapeake, Virginia, in the Eastern District of Virginia, the defendants, XAVIER HOWELL, a/k/a "X," and ███████████████ ████████ did unlawfully, knowingly, and intentionally possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

(In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and Title 18, United States Code, Section 2.)

## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1. The defendants, XAVIER HOWELL, a/k/a "X," ██████████ ██████████████████████████████████████ and TAMARA LATISHA HOWELL, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any firearm or ammunition used in or involved in the violation.

2. The defendants, XAVIER HOWELL, a/k/a "X," ██████████ ██████████████████████████████████████ and TAMARA LATISHA HOWELL, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

   a. Any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of the violation; and

   b. Any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendants, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to

7

seek forfeiture of any other property of the defendants, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with 18 U.S.C. § 924(d) by 28 U.S.C. § 2461, and 21 U.S.C. § 853.)

*United States v. Xavier Howell et al.*
2:20cr 11

Sealed Pursuant to the
E-Government Act of 2002

A TRUE BILL:


FOREPERSON


G. Zachary Terwilliger
UNITED STATES ATTORNEY

By: *[signature]*

Andrew Bosse
John F. Butler
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 6000
Norfolk, VA 23510
Office Number: 757-441-6331
Email Address:   andrew.bosse@usdoj.gov
                        john.f.butler@usdoj.gov