IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK VIRGINIA

**UNITED STATES OF AMERICA**

      v.                                              Criminal No.  2: 20 cr 11

**TAMARA LATISHA HOWELL**

## APPEAL OF ORDER OF DETENTION

On May 20, 2020, Tamara Howell entered a plea of guilty to Count One of the Indictment.  This plea was taken by video conferencing as permitted due to the Court's rules concerning proceedings during the Covid pandemic.  The Magistrate Judge made specific findings which supported the necessity of accepting this plea at this time rather than waiting until the Court could reopen for business as usual.   Specifically, it was noted that the expedited procedure was necessary in this case because "the defendant's ability to fulfill her obligations under the plea agreement is affected by the date of her guilty plea, and a guilty plea set in June or afterwards may prevent her from fulfilling all of those obligations".

The Magistrate Judge conducted the appropriate colloquy with Ms Howell concerning her knowing and voluntary intent to enter such a plea and accepted her plea and the Plea Agreement which was entered into evidence.  In accordance with *18 U.S.C. 3143*, he also noted that Ms Howell was subject to immediate incarceration, but after hearing a proffer of the relevant evidence, the Magistrate Judge stayed such an Order to permit counsel to file an Appeal to the District Judge. [1]

---

[1] It appears that there is are two interpretations about whether the acceptance of a plea of guilty by a Magistrate Judge requires immediate incarceration under 18 U.S.C. 3143.  That provision expressly requires a finding of guilty

1

It is submitted that the best interests of justice warrant a finding that Ms Howell should <u>not</u> be imprisoned following her plea of guilty for a number of compelling reasons. Initially, it is noted that the Government did not previously request pretrial detention and is not opposing her remaining on a bond following her plea of guilty. Ms Howell has been on a bond since September 2019 when she was initially arrested on state charges and then transferred to federal custody for the instant case. She has complied with all terms and conditions of her bond throughout those eight (8) months. Thus, it would appear that Ms Howell is not likely to flee or to pose any danger to herself or the community and would qualify for continuance of her bond following entry of a plea of guilty pursuant to *18 U.S.C. section 3143 (a)(2)(B)*.

While on bond, Ms Howell has been residing with her sister in Virginia Beach and has two very young children (ages 2 ½ and 8 months). She was employed until that position was lost at the end of March 2020 as a result of the required lockdown due to the Covid pandemic. Hopefully, she will be able to resume employment and payment of her court fees in the near future once the economy and business begin to open back up.

It is submitted that permitting Ms Howell to remain on a bond after her plea of guilty is in the best interest of justice in this instance. The Court is very aware of the pandemic currently raging throughout the country. Inmates are regularly petitioning this and other courts for release because of the significant threat of contracting Covid inside jails and prisons where individuals are held in close proximity and without all of the sanitary and protective devices recommended by health authorities. It is submitted that it would not be in the best interest of the community,

---

and the prior practice of this Court has been that a finding of guilty by the District Judge was required before this section was implemented. Regardless of which interpretation is ultimately deemed to be correct, the decision of the Magistrate Judge in this case is not challenged. The purpose of this request is to submit reasons supporting the request that a finding be made that Ms Howell is not a flight risk or a danger to the community and may be continued on bond until sentencing pursuant to *18 U.S.C. section 3143 (a)(2)(B)*.

the Court, or Ms Howell for her to be confined under such conditions, especially in light of her being held on bond for eight months and complying with all terms and conditions. These facts demonstrate that Ms Howell is not likely to flee or to pose any danger to herself or the community and would qualify for continuance of her bond following entry of a plea of guilty pursuant to *18 U.S.C. section 3143 (a)(2)(B)*.

It is also significant that the <u>Government does not oppose this request</u>. Not only do they believe that Ms Howell is not a flight risk or a threat to community, they also would materially benefit from Ms Howell remaining on a bond rather than being incarcerated at the instant time. Pursuant to the Plea Agreement in the instant case (particularly Exhibit 1), Ms Howell has various obligations to perform. The very factors which were mentioned by the District Judge in her Referral Order and the Magistrate Judge in his Order to warrant the taking of a plea by video conferencing as being in the best interest of justice also support the request to permit Ms Howell to remain on bond so that she can fulfill her obligations. These obligations cannot be fulfilled if she is incarcerated during this pandemic. Counsel has direct knowledge of other defendants who are incarcerated who cannot be debriefed or fulfill other obligations because of regulations and rules governing behavior during this pandemic. Government employees are not currently permitted to go into various facilities or meet with inmates. As a result, activities which regularly occur have been stopped during the current situation. However, those activities could occur if Ms Howell was continued on her bond. It was largely for this reason that the Magistrate Judge issued a stay to the order of confinement. Thus, it is submitted that Ms Howell's ability to fulfill her obligations under the Plea Agreement would be severely impacted if she is confined at the present time. The Magistrate Judge expressly noted the need for this plea to be taken now rather than waiting for the court to re-open to public proceedings in a month or more. Both Ms

Howell and the public have an interest in moving this case forward, not only in entering the plea, but also to move beyond to all of the other activities which normally follow.  Placing Ms Howell in immediate incarceration would seriously harm both the defendant's and the public's interests of justice as well as acting to prevent her from fulfilling all of those obligations which benefit all parties.  Those obligations can most effectively and efficiently be discharged by permitting Ms Howell to remain on bond.

Accordingly, for the reasons mentioned above, it is respectfully requested that the Court make a finding pursuant to *18 U.S.C. section 3143(a)(2)(B)* that Ms Howell is not likely to flee or to pose any danger to herself or the community and that she be continued on bond in order to meet the ends of justice and permit her to satisfy her obligations.

                TAMARA HOWELL

By: /s/ *William J Holmes*
     WILLIAM J. HOLMES
     Virginia State Bar No. 28193
     Counsel for Tamara Latisha Howell
     William J. Holmes, Attorney at Law
     6064 Indian River Road
     Suite 203
     Virginia Beach, Virginia  23464
     (757) 420-9321
     (757) 420-4169  Fax
     WJHLAW@cox.net

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing <u>APPEAL OF ORDER OF DETENTION</u> was electronically filed with the Clerk of Court using the CM/ECF system which will send a notification of such filing (NEF) to the following:

Andrew C. Bosse
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689

                            By: /s/ *William J Holmes*
                                WILLIAM J. HOLMES
                                Virginia State Bar No. 28193
                                Counsel for Tamara Latisha Howell
                                William J. Holmes, Attorney at Law
                                6064 Indian River Road
                                Suite 203
                                Virginia Beach, Virginia  23464
                                (757) 420-9321
                                (757) 420-4169  Fax
                                WJHLAW@cox.net